276 N.J. Super. 129 (1994)
647 A.2d 495
STATE OF NEW JERSEY, PLAINTIFF,
v.
DAVID MORSE, DEFENDANT.
Superior Court of New Jersey, Law Division Criminal Part.
Argued February 25, 1994.
Decided June 6, 1994.
*130 William J. Dietrich, III, Deputy Attorney General, for the State.
Thomas B. Duffy for defendant.
The opinion was delivered by: BRAITHWAITE, P.J.Cr.
Before this court is an appeal from the Atlantic City Municipal Court which found the defendant, David Morse, guilty of defiant trespass in violation of N.J.S.A. 2C:18-3b(1). When the defendant was convicted on November 9, 1993, the municipal court imposed a $100 fine, $25 costs, and $50 Violent Crimes Compensation Board Penalty. The issue raised is whether the affirmative defenses to defiant trespass are available to the defendant who had been evicted from Trump Plaza Hotel Casino (Trump Plaza).
On March 26, 1992, Joseph Rauch, a security investigator at Trump Plaza received a phone call from Nancy Kelly, a Trump Plaza shift manager, regarding a man who was playing blackjack in the casino. As a result of the call, Mr. Rauch went to the casino floor where Ms. Kelly pointed out the man who Mr. Rauch knew to be the defendant. Mr. Rauch was familiar with the defendant because he had evicted the defendant from Trump *131 Plaza on two prior occasions, October 23, 1990 and February 19, 1992. Below, the State alleged that the defendant's earlier ejections were for "cheating" while playing blackjack. Conversely, the defendant declared that he was not cheating. Instead, he insisted that he was merely a skilled blackjack player. Consequently, Mr. Rauch contacted the Division of Gaming Enforcement and two detectives were sent to investigate the defendant's presence in the casino. Notably, after both of the earlier evictions, the defendant was instructed not to return to the casino until the eviction was rescinded by the casino in writing. Specifically, the eviction notices given to the defendant explained that "if you ... return after having been ejected, you will be arrested for trespassing. This formal ejection is effective immediately and shall remain in effect, unless rescinded by the landlord in writing."
The defendant acknowledged that he had been evicted in October 1990. However, he related that he was not aware of being evicted in February 1992. The defendant testified that, even after October 1990 he continued to gamble in the casino. He contended that some Trump Plaza employees allowed him to gamble without any problem while other employees gave him a very difficult time. As a result, the defendant thought that he was permitted to enter the casino at any time as long as he did not act unlawfully. It is important to note that the State has not claimed that the defendant acted unlawfully in any way except that he entered the Trump Plaza.
The State suggests that since the defendant had been notified that his privilege to enter the casino had been revoked, his returning to the Trump Plaza on March 26, 1992, constituted defiant trespass. Moreover, the State contends that the affirmative defenses to defiant trespass are not applicable in this instance, because the casino never rescinded the eviction notice in writing. However, the defense argues that since Trump Plaza is open to the public, it has the right to evict patrons for unlawful behavior only. Hence, the defense contends that the affirmative defenses can be utilized by the defendant.
*132 The defiant trespass statute states that "[a] person commits a petty disorderly offense if, knowing that he is not licensed to or privileged to do so, he remains in any place as to which notice against trespass has been given by actual communication to the actor." N.J.S.A. 2C:18-3b(1). Also provided for by the statute are affirmative defenses to the offense. Specifically, the one relied on by defendant states that "[i]t is an affirmative defense to prosecution ... that the structure was at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the structure." N.J.S.A. 2C:18-3c(2).
The resolution of this issue rests on the balancing of common and statutory law. It has been well settled that common law dictates that "when property owners open their premises to the general public in the pursuit of their own property interests, they have no right to exclude people unreasonably." Uston v. Resorts Int'l Hotel, Inc., 89 N.J. 163, 174, 445 A.2d 370 (1982). The Uston Court held that only the Casino Control Commission (Commission) has the authority to exclude patrons based upon their methods of playing licensed casino games. However, the Court recounted that when property owners make their property accessible to the public, they can only exclude patrons for cause. Sufficient cause clearly includes instances where a patron disrupts or endangers business functions, behaves unruly or becomes a danger to himself or others. "[T]he more private property is devoted to public use, the more it must accommodate the rights which inhere in individual members of the general public to use that property." State v. Schmid, 84 N.J. 535, 562, 423 A.2d 615 (1980).
Equally important to this court is that "[t]he statutory and administrative controls over casino operations established by the [Casino Control] Act (Act) are extraordinarily pervasive and extensive." Knight v. Margate, 86 N.J. 374, 380-81, 431 A.2d 833 (1981). In fact, the Act provides that its provisions are controlling in instances where other laws are inconsistent or in conflict with such provisions. N.J.S.A. 5:12-133. Clearly, the New Jersey *133 Legislature intended for the Commission to control all facets of casino gambling. Also indicative of the Commission's broad powers and applicable to these facts is the Commission's authority to "establish[] a list of persons who are to be excluded or ejected from any licensed casino establishment." N.J.S.A. 5:12-71a. Standards for casino exclusion include persons who are career or professional criminals, persons who have been convicted of a crime punishable by more than six months and persons whose presence in casinos would be inimical to the interests of the State or licensed gambling. Id. With regard to the rights of an individual casino to exclude patrons, the section provides that the exclusion list compiled by the Commission should not be considered all-inclusive. Id. The act imparts authority to exclude patrons to the individual casinos by imposing a duty upon them to keep their premises free from persons known to them to meet the exclusion standards. N.J.S.A. 5:12-71d.
However, there is nothing in the criminal trespass statute that is inconsistent or in conflict with the Act. The premises of a casino are not exempted from the provisions of N.J.S.A. 2C:18-3. Therefore, if a trespass charge results from being in a casino, the affirmative defense contained in N.J.S.A. 2C:18-3c(2) is available to the defendant.
Recently, the Legislature broadened a casino's power to exclude patrons. On December 21, 1993, a new section of the Casino Control Act was passed allowing "[a] casino licensee ... [to] exclude or eject from its casino hotel any person who is known to it to have been convicted, on at least three occasions, of a crime, disorderly persons offense, or petty disorderly persons offense committed in or on the premises of any casino hotel." N.J.S.A. 5:12-71.1. This new law expands a casino's ability to deny access to persons convicted of criminal offenses. Now, if a patron is convicted of three crimes committed in any of the Atlantic City casinos, the patron can be barred from all twelve casinos, not just the ones in which the offenses were committed. However, this new legislation does not apply to this case.
*134 Arguably, the defendant's conduct met the requirements of the defiant trespass statute. The first element of the offense requires that the defendant know that he is not licensed or privileged to enter or remain in any place. In this instance, the defendant, by receipt of the October 1990 eviction notice, knew that he was not permitted to enter Trump Plaza. Moreover, the defendant knew that the eviction notice had not been rescinded. The second element of the defiant trespass offense requires that the defendant be given notice against trespass. The defendant, by his own admission, was given written notice against trespass in October 1990. Nonetheless, the defendant asserts that he has available to him the affirmative defense that "the [casino] at the time was open to members of the public and that he complied with all lawful conditions imposed on remaining in the [casino]."
This court holds that the defendant's reliance on the affirmative defense is well founded. The Uston rationale, coupled with relevant statutory implications, dictate that the defendant was wrongfully convicted of defiant trespass. Since Trump Plaza is a place where the public is generally invited, it can lawfully exclude patrons for cause only. The State has not presented any evidence of disorderly behavior by the defendant. In fact, the State's only assertion is that the defendant was in the casino after being advised that he was permanently excluded from the casino, until notified otherwise.
The defendant produced evidence on the "open to the public" affirmative defense, which required the State to disprove the defense beyond a reasonable doubt. State v. Kelly, 97 N.J. 178, 478 A.2d 364 (1984). The State did not carry its burden.
Clearly, if a patron acts disorderly, a casino can lawfully exclude the patron for that day. However, fairness mandates that when the patron attempts to return to the casino and acts in accordance with all lawful conditions imposed, the patron cannot be excluded, as he is not interfering with any legitimate business interests.
*135 In sum, the State suggests that the defendant's mere presence in the casino, after being notified not to enter, constitutes defiant trespass. However, since casinos are public places, patrons may not be excluded unreasonably. As the State has not alleged that the defendant was excluded for cause, the conviction must be reversed, inasmuch as the affirmative defense was established by defendant. Defendant is not guilty of defiant trespass.
Defendant's counsel shall submit an order consistent with this opinion.