294 N.J. Super. 154 (1996)
682 A.2d 1205
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM SLOBIN AND JAN CHALAL, DEFENDANTS-APPELLANTS.
Docket No. A-2224-95T3.
Superior Court of New Jersey, Appellate Division.
Argued August 13, 1996.
Decided August 23, 1996.
*155 Before Judges KLEINER and BRAITHWAITE.
Thomas B. Duffy, argued the cause for appellants.
Lloyd D. Levenson argued the cause for respondent (Cooper Perskie April Niedelman Wagenheim and Levenson, attorneys; Mr. Levenson, on the brief)
The opinion of the court was delivered by BRAITHWAITE, J.A.D.
Defendants appeal from their convictions of defiant trespass, N.J.S.A. 2C:18-3b. Defendants were convicted in the Atlantic *156 City Municipal Court. On de novo review in the Law Division, defendants' convictions were affirmed. Each was sentenced to a probationary term of one year and assessed a fine of $250, along with the appropriate V.C.C.B. penalty and Assessment for Safe Neighborhood Services. We affirm.
The State's proofs established that both defendants engaged in disruptive behavior while playing blackjack at the Showboat Casino Hotel on several occasions between November 29, 1992 and May 1, 1993. The disruptive behavior included using loud and abusive language directed at casino personnel, interfering with access to the blackjack tables by other patrons, and making derogatory comments to patrons about the bets they placed.
Following an incident on May 1, 1993, a casino official advised both defendants that they would no longer be welcomed to play blackjack. Defendants, however, were not barred from the casino. They were welcomed to come into the casino and participate in other games and activities.
On May 2, 1993, defendants returned to the blackjack table and demanded to play. They sat at the table for a period of forty minutes after being asked to leave and refusing to do so. Thereafter, defendants were charged with defiant trespass.
On this appeal defendants contend:
I. THE DEFENDANTS WERE NEVER GIVEN ACTUAL COMMUNICATION AGAINST TRESPASS AS REQUIRED BY N.J.S.A. 2C:18-3(b)(1) [SIC].

II. THE CONVICTIONS VIOLATE THE HOLDING OF STATE v. MORSE, 276 N.J. SUPER. 129 [647 A.2d 495] (LAW DIV. 1994)[1], INTERPRETING N.J.S.A. 2C:18-3(b)(1) [SIC].

III. THE CONVICTIONS VIOLATE THE HOLDING OF STATE v. STORM, 141 N.J. 245 [661 A.2d 790] (1995) WHICH STRICTLY LIMITS THE APPEARANCES OF PRIVATE PROSECUTORS IN THIS STATE.

IV. THE CONVICTIONS VIOLATE THE HOLDING OF STATE v. STORM, 141 N.J. 245 [661 A.2d 790] (1995) BECAUSE THE PROSECUTOR ENGAGED IN EXACTLY THE KIND OF QUESTIONABLE BEHAVIOR THE COURT FEARED INCLUDING, BUT NOT LIMITED TO, HAVING A GROUP *157 "PREP" SESSION WITH THE PROSECUTION WITNESSES AND NOT SERVING DEFENSE COUNSEL WITH A PROSECUTION BRIEF.

1. Failure to Give Defense Counsel Notice of the Prosecution Brief.

2. Presence of Objection to Prosecutor in the Record.

V. THE CONVICTIONS VIOLATE THE HOLDING OF USTON v. RESORTS INTERNATIONAL HOTEL, INC., 89 N.J. 163 [445 A.2d 370] (1982) BECAUSE THE DEFENDANTS WERE ONLY TRESPASSERS WHILE PLAYING THE GAME OF BLACKJACK AT THE SHOWBOAT CASINO.

We have carefully reviewed the record and, in light of applicable law, we conclude that defendants' contentions are clearly without merit. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Garofolo in his oral opinion of October 20, 1995. We add the following additional comments concerning defense counsel's interpretation of State v. Morse, 276 N.J. Super. 129, 647 A.2d 495 (Law Division 1994).
On appeal, at oral argument, counsel for defendants urged that Morse, establishes a maximum period of twenty-four hours that a patron may be excluded from a casino. The language in Morse, relied upon by counsel provides as follows:
Clearly, if a patron acts disorderly, a casino can lawfully exclude the patron for that day. However, fairness mandates that when the patron attempts to return to the casino and acts in accordance with all lawful conditions imposed, the patron cannot be excluded, as he is not interfering with any legitimate business interest.
[Id. at 134, 647 A.2d 495.]
We disagree with defense counsel's interpretation of Morse. First, we are satisfied that the quoted language is dicta, and was not necessary for the determination or holding in Morse.
Second, that language in Morse cannot be construed or (understood or taken) to overrule Uston v. Resorts Int'l, Hotel, Inc., 89 N.J. 163, 445 A.2d 370, (1982). Uston sets forth the common law "right of property owners to exclude from their premises those whose actions `disrupt the regular and essential operations of the premises,' or threaten the security of the premises and its occupants." Id. at 173, 445 A.2d 370 (citations omitted). At some point the property owner may even have a duty to remove the disorderly, intoxicated or repetitive petty offender and bar them from its entire premises. Ibid. The common law right of *158 property owners to exclude disruptive patrons, or patrons who threaten the security of the premises and its occupants, is not limited to a per se twenty-four hour period.
Finally, the Casino Control Act, N.J.S.A. 5:12-1 to -210, recognizes the "common law right [of a casino licensee] to exclude or eject permanently from its casino hotel any person who disrupts the operations of its premises, threatens the security of its premises or its occupants, or is disorderly or intoxicated." N.J.S.A. 5:12-71.1. Although this portion of the statute was enacted after the events that gave rise to defendants' convictions, it applies here because the language is merely a codification of existing common law.
Affirmed.
NOTES
[1] Proper cite is State v. Morse, 276 N.J. Super. 129, 647 A.2d 495 (Law Div. 1994).